UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division
**Case Number: 18-14222-CIV-MARTINEZ-REID**
**(15-14046-CR-MARTINEZ)**

LACY JUNIOR LOCKLEAR,
    Movant,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THIS MATTER was originally referred to the Honorable Patrick A. White, United States Magistrate Judge, for a Report and Recommendation on all dispositive matters [ECF No. 2]. On June 20, 2018, Magistrate Judge White subsequently filed a Report and Recommendation [ECF No. 4], recommending that: (1) Lacy Junior Locklear's ("Movant") Motion to Vacate be denied on the merits, (2) no certificate of appealability issue, and (3) the case be closed. After reviewing the entire record and noting that Movant failed to file any objections to the Report and Recommendation, on October 17, 2018, this Court adopted and affirmed the Report and Recommendation, denying Movant's motion to vacate on the merits [ECF No. 5].

Subsequently, on November 5, 2018, Movant filed a Motion Pursuant to Federal Rules of Civil Procedure Rule 59 (the "Motion") [ECF No. 7] in which he stated that he did not receive a copy of Magistrate Judge White's Report and Recommendation. Ultimately, after Movant supplemented the record [ECF No. 12],[1] Magistrate Judge Reid filed a Report and Recommendation [ECF No. 14], recommending that: (1) Movant's Motion, which is more

---

[1] Movant provided a letter completed by a case management coordinator with the Federal Bureau of Prisons, J. Hauck, dated December 27, 2018 [ECF No. 12, at 2]. In the letter, the coordinator indicates that Movant "did not receive any accountable legal mail that would be logged during the time frames June 20 through October 17, 2018." *Id.*

properly construed as a motion pursuant to Rule 60(b), be GRANTED to the extent it seeks relief under Fed. R. Civ. P. 60(b)(1); (2) the Court VACATE its Order Adopting Magistrate Judge's Report and Recommendation entered on October 17, 2018 [ECF No. 5] and the case be REOPENED so that the Movant can then file objections by a certain date; and (3) Movant be cautioned that failure to file objections on a timely basis may result in this Court entering another Order adopting the Report and Recommendation entered on June 20, 2018 [ECF No. 4]. On June 6, 2019, the Court adopted Magistrate Judge Reid's Report and Recommendation in its entirety [ECF No. 29]. Thereafter, Movant filed his "Motion to File Objections to the Magistrate's Report and Recommendation," which included his objections [ECF No. 31].[2]

The Court has carefully considered the Report and Recommendation [ECF No. 4], Movant's objections thereto [ECF No. 31], the record in this action, and is otherwise fully advised in the premises.

**Movant's Objections**

Movant's objections are two-fold. First, Movant objects to "the amount of drugs attributable to him per the plea deal," stating that the Government's estimate was 44.5 grams and that he is currently incarcerated for a conviction involving an amount that exceeds 50 grams [ECF No. 31, at 2]. He also objects to the Report and Recommendation's finding that appellate counsel's performance was not ineffective. *Id.* This Court finds both objections to be without merit.

I. **Amount of Narcotics**

With respect to Movant's objection that the amount of narcotics did not exceed 50 grams, the Court notes, as Magistrate Judge White did in the Report and Recommendation, that this claim

---

[2] The Court notes that it appears Movant filed an identical "Motion to File Objections to the Magistrate's Report and Recommendation" on June 4, 2019 [ECF No. 28].

is "patently frivolous and refuted by the record" [ECF No. 4, at 22]. In the Report and Recommendation, Magistrate Judge White thoroughly discussed the Stipulation as to Factual Basis for Guilty Plea (the "Stipulation"), the Plea Agreement, change of plea proceedings, and sentencing proceedings, which all refute Movant's contention that the amount of narcotics did not exceed 50 grams. For example, the Stipulation states that "[t]he Defendant agree[d] that the amount of methamphetamine (actual) involved in the conspiracy attributable to his own conduct was in excess of fifty (50) grams." *See United States v. Lacy Junior Locklear*, 15-cr-14046-JEM (S.D. Fla.) [ECF No. 262 ¶ 3].[3] Notably, the Stipulation further provides that "[t]he Defendant and his attorney acknowledge by their signatures below that they have reviewed the stipulated facts with each other and agree the accuracy of the facts as recited" in said Stipulation. *Id.* at 2. Both Movant and his counsel signed the Stipulation on October 9, 2015. *Id.*

In addition to the Stipulation, the Report and Recommendation further discusses how Movant's Plea Agreement, stated, in relevant part, that:

(i) Defendant agree[d] that the United States would have proven the following elements beyond a reasonable doubt . . . [t]he object of the unlawful plan was to distribute and/or possess with intent to distribute fifty (50) grams or more of methamphetamine"[4];

(ii) Defendant and the United States "jointly recommended that the Court make the following findings and conclusions as to the sentence to be imposed: (1). <u>Quantity of drugs</u>: That the quantity of methamphetamine involved in the offense attributable to this defendant . . . is more than 50 grams but less than 150 grams of methamphetamine (Actual)"[5]; and

(iii) Defendant "acknowledge[d] that he has fully discussed the matters of this plea agreement and his guilty plea pursuant hereto with his attorney, and that his attorney has answered each of his questions about the strength of

---

[3] Defendant and Movant are used interchangeably in this order to refer to the Movant, who was the Defendant in 15-cr-14046.
[4] 15-cr-14046-JEM [ECF No. 261, at 1].
[5] 15-cr-14046-JEM [ECF No. 261, at 4].

> the government's case as well as the following rights . . . Defendant further acknowledge[d] that he is fully satisfied with the representations provided by his attorney."[6]

15-cr-14046-JEM [ECF No. 261]. The Plea Agreement was signed by Movant and his counsel on October 9, 2015. *Id.* at 8. Moreover, the Plea Agreement is "the entire agreement and understanding between the United States and Defendant." *Id.*

A review of the transcript of the change of plea proceedings that occurred before Magistrate Judge Frank J. Lynch, Jr. on October 16, 2015 further reflects that Movant was able to review all of the documents and discovery in his case, received a copy of the indictment and discussed the charges and the case with his attorney, and was fully satisfied with his counsel. 15-cr-14046-JEM [ECF No. 478, at 6:15-25]. Notably, during the proceedings, Movant was advised that the Plea Agreement provides that "defendant agrees to plead guilty to Count 1 of the indictment which charges the defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine," and Movant stated he wished to plead guilty to Count 1. *Id.* at 8:8-9. Movant also agreed that the Government would have proven beyond a reasonable doubt that "the object of the unlawful plan was to distribute and/or possess with intent to distribute 50 grams or more of methamphetamine" and the amount of methamphetamine was more than 50 grams but less than 150 grams of methamphetamine. *Id.* at 9-11.

On November 9, 2015, this Court adopted the Report and Recommendation on Change of Plea[7] (and the findings therein) in its entirety and accepted Movant's guilty plea. 15-cr-14046-JEM [ECF No. 327]. At sentencing, after considering the statement of the parties, the pre-sentence investigation report ("PSR"), and the statutory factors set forth in 18 U.S.C. § 3553(a), this Court

---

[6] 15-cr-14046-JEM [ECF No. 261, at 7].
[7] 15-cr-14046-JEM [ECF No. 260].

sentenced Movant to a term of 188 months imprisonment followed by a term of supervised release of 5 years. 15-cr-14046-JEM [ECF No. 479, at 12].

After a *de novo* review of the record, this Court agrees with Magistrate Judge White's findings, including that "the entry of the [M]ovant's plea was knowing and voluntary and should not be upset" [ECF No. 4, at 26]. The record before this Court clearly refutes Movant's contention that the amount of narcotics involved was less than 50 grams.

### B. Ineffective Assistance (Appellate Counsel)

Next, Movant objects to the Report and Recommendation "as to his Appellate Counsel's performance" [ECF No. 31, at 2]. Regarding this objection, the Report and Recommendation states, in relevant part:

> Further, [Movant] has not demonstrated that appellate counsel was ineffective, much less that he suffered prejudice as a result of counsel's failure to challenge on appeal the voluntariness of his plea, or further argue that the sentence was unlawfully predicated on an incorrect quantity of drugs attributable to the movant, much less that the movant was not involved in such a conspiracy. Appellate counsel has no duty to raise non-meritorious or frivolous issues on direct appeal. *Matire v. Wainright*, 811 F.2d 1430, 1435 (11th Cir. 1987). On this record, movant has not demonstrated either deficient performance or prejudice under *Strickland*[8] arising from counsel's failure to pursue the meritless arguments raised herein.

[ECF No. 4, at 27]. Movant's objection on this issue wholly fails to address the Report and Recommendation in this regard.

Accordingly, after careful consideration, it is

**ORDERED and ADJUDGED** that

1. Movant's "Motion to File Objections to the Magistrate's Report and Recommendation" [ECF No. 31] is **GRANTED.** Movant's objections [ECF No. 31] are accepted as filed.

---

[8] *Strickland v. Washington*, 466 U.S. 668 (1984).

2. United States Magistrate Judge Patrick A. White's Report and Recommendation [ECF No. 4] is **AFFIRMED** and **ADOPTED in its entirety**. Movant's objections are hereby **OVERRULED**.

3. Movant's Motion to Vacate is **DENIED** on the merits for the reasons stated in Magistrate Judge White's well-reasoned report.

4. A certificate of appealability shall not issue.

5. This case is **CLOSED** and all pending motions are **DENIED as MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of June, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Reid
All Counsel of Record
Lacy Junior Locklear, *pro se*